UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,

Crim. Case No. 16-20597

v.

Paul D. Borman
United States District Judge

DEREK MICHAEL TAGG,

   Defendant.
_____/

ORDER DENYING MOTION TO SUPPRESS EVIDENCE OF CHILD PORNOGRAPHY SEIZED FROM DEFENDANT'S COMPUTER PURSUANT TO A NETWORK INVESTIGATIVE TECHNIQUE (NIT) SEARCH WARRANT

This case began when the FBI obtained access to the physical computer running a child pornography website, denominated as Playpen. That ultimately led to Defendant Tagg's computer. The search warrant that permitted the FBI to use a bug is the NIT warrant in the record here. This Court has had extensive briefing and supplemental briefing by the parties on Defendant's instant Motion to Suppress. The validity of this NIT search warrant is still an open question in the Sixth Circuit.

1

The scenario for this case, was the same scenario as in the five United States Courts of Appeal decisions noted below: a search for child pornography occurred pursuant to an NIT search warrant: the Magistrate Judge in the Eastern District of Virginia who issued the NIT search warrant exceeded her authority both under the then-version of Fed.R.Crim.P.41(b), and under the Federal Magistrates Act, in issuing the search warrant; accordingly, the search warrant was void *ab initio*; the Rule 41(b) infraction rose to the level of a 4th Amendment violation; the Courts of Appeal applied the good faith exception to the exclusionary rule pursuant to the Supreme Court decisions in *United States v. Leon*, 104 S.Ct. 3405 (1984), and *Herring v. United States*, 129 S.Ct. 695 (2009). Those five Court of Appeals decisions are, in reverse chronological order, *United States v. Werdene*, 883 F.3d 204 (3d Cir. 2018); *United States v. McLamb*, 880 F.3d 685 (4th Cir. 2018); *United States v. Levin*, 874 F.3d 316 (1st Cir. 2017); *United States v. Horton*, 863 F.3d 1041 (8th Cir. 2017) and *United States v. Workman*, 863 F.3d 1313 (10th Cir. 2017).

Although the United States Court of Appeals for the Sixth Circuit has yet to rule on the instant issue, the Eighth Circuit in *United States v. Horton*, 863 F.3d 1041, 1050 (8th Cir. 2017), in applying the *Leon* good faith exception to the exclusionary rule, did note:

> In *[U.S.] v. Master* [614 F.3d 236 (6th Cir. 2010)], the Sixth Circuit analyzed a case in which a state judge issued a warrant for a search outside of his jurisdictional boundaries that he "had no authority to issue," 614 F.3d at 241. The court expressly rejected an argument that when a judge "lacks legal authority to issue the relevant warrant, the good faith exception is foreclosed." *Id.*

The Eight Circuit held: "Our review of relevant Supreme Court precedent leads us to a similar conclusion: that the *Leon* exception can apply to warrants void *ab initio* like this one." *Horton* at 1050. Thereafter, in *Horton*, discussing *Master* approvingly, the Eighth Circuit stated:

> We agree with the Sixth Circuit that regardless of the type of warrant at issue that "[t]he Supreme Court has effectively created a balancing test by requiring that in order for a court to suppress evidence following the finding of a Fourth Amendment violation, 'the benefits of deterrence must outweigh the costs.'" *Master*, 614 F.3d at 243 (quoting *Herring*, 555 U.S. at 141, 129 S.Ct. 695).

*Horton* at 1051.

This Court adopts the conclusions of the five Courts of Appeal denying Defendants' Motion to Suppress. Further, this Court concludes that given the reasoning in *United States v. Master, supra*, the Sixth Circuit would likely reach the same conclusion as the Eighth Circuit did in *United States v. Horton, supra*.

Accordingly, Tagg's Motion to Suppress Evidence seized pursuant to this

NIT search warrant is DENIED.

SO ORDERED.

DATED: AUG 0 7 2018

_____
Paul D. Borman
United States District Judge