UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DEREK MICHAEL TAGG,

        Defendant.
_____/

Crim. Case No. 16-20597

Paul D. Borman
United States District Judge

OPINION SUPPLEMENTING THE COURT'S ORDER OF NOVEMBER 30, 2018 DENYING DEFENDANT'S MOTION FOR DISCOVERY OF GOVERNMENT'S NIT SOURCE CODE (ECF # 84)[*]

On September 1, 2016, Defendant Derek Michael Tagg was charged in a two-count indictment with:

    1. Receipt of Child Pornography, 18 U.S.C. §2252A(a)(2), and

    2. Possession of Child Pornography, 18 U.S.C. §2252A(a)(5)(B).

ECF # 19.

Defendant has requested discovery of the (NIT) source code (Code) to support his claim that the Code provides a potential for the Government to

---

[*]On November 30, 2018, this Court issued an Order denying Defendant's Motion for Discovery of the Government's NIT source code. (ECF #84) That Order stated that "the Court will subsequently issue an opinion."

1

surreptitiously input child pornography material into his computer. Specifically, Defendant requests the complete source code for all software the Government used to identify him, specifically the exploit and server codes.

Initially, on September 14, 2018, the Court offered to conduct an *in camera* investigation of the source code. Given the significant amount of subsequent decisions denying Plaintiffs' requests for discovery of the source code, the Court now reconsiders its suggestion of *in camera* examination of the Government's NIT source code, and withdraws that offer.

On November 6, 2018, the Court issued an Order to the parties requesting citations to any additional relevant case authority on the issues of (1) the Defendant's Fed. R. Crim. P. 16 request for discovery/disclosure of the NIT codes, and (2) the applicability of the law enforcement privilege to the NIT code. (ECF #84). That Order noted that the United States Court of Appeals for the Eighth Circuit, in *Jean v. United States*, 891 F.3d 712 (8th Cir. 2018) *cert. denied*, October 29, 2018, 2018 WL 4682001, #18-6116, had upheld a District Court's denial of the Defendant's Rule 16 motion to require disclosure of the complete source code for all software used to identify him, and had also upheld the District Court's application of the law enforcement privilege to prevent disclosure of the exploit code.

In response to the Court's request, the Government provided, *inter alia*, the Seventh Circuit Court of Appeals decision in *United States v. Kienast*, 907 F.3d 522 (7th Cir. 2018) (October 23, 2018) (Mandate issued November 14, 2018) affirming three district court opinions rejecting a defendant's motion to compel the government to provide him access to the NIT source code and to cross-examine the FBI special agent who proffered the search warrant affidavit. The three district court opinions were:

> a. *U.S. v. Neil Kienast*, 7th Cir. #17-1840, Dist. Ct. #16-CR-10030, (C.D. IL) (Mihms, J), 209 F. Supp. 3d 1045.
>
> b. *U.S. v. Marcus Owens*, 7th Cir. #17-1989, Dist. Ct. #16-CR-00038 (E.D.WI) (Stadtmueller, J) 2016 WL 7079609, and
>
> c. *U.S. Braman Broy*, 7th Cir. #17-2439 (E.D.WI) Dist. Ct., 2016 WL 6683481 (Griesbach, C.J).

The Defendant did not provide any subsequent case decisions.

This Court concurs with the Eighth Circuit Court of Appeals decision in *United States v. Jean*, denying Defendant Taggs Motion for Discovery of the Government's NIT source code. The Court also concurs with the Seventh Circuit decision in *Kienast*.

In *Jean*, the United States Court of Appeals for the Eighth Circuit, in affirming the District Court decision, held that the district court did not abuse its

discretion in denying the motion to compel "discovery/disclosure of the complete source code for all software it used to identify him, specifically the exploit and server codes." The Eight Circuit held, alternatively, that the district court did not error in invoking the law-enforcement privilege to prevent disclosure of the exploit code, finding "any need [by defendant] is greatly outweighed by the public's interest in keeping the exploit secret," and further finding a protective order insufficient: "The risk that the information might inadvertently be leaked or otherwise used by third parties is too great," adding: "mere knowledge of the particular vulnerability exploited here could potentially lead the expert to build his own exploit, or assist others in doing so, thereby effectively circumventing a protective order." *Jean*, at p.3.

In *Kienast*, the Seventh Circuit, in response to Defendants' *Kienast and Owens* motions to compel the government to allow them to review the source code and cross examine the FBI special agent who created the affidavit, held that "the discovery sought was immaterial and essentially a 'fishing trip.'"

Further, the Court recognizes that district courts within the Sixth Circuit, in response to Defendants' motions for disclosure of all components of the NIT source code, including the payload, exploit, identifier, and server components, have usually applied the law enforcement privilege in rejecting those requests:

> The Court is persuaded by the government's argument that disclosure of the exploit and sever component of the NIT would severely compromise future investigations, and could allow others to develop countermeasures. Courts have widely agreed that these portions of the code are protected by the law enforcement privilege, because the defendants need for it is greatly outweighed by the government's need to keep it secret.

*United States v. Gaver*, 2017 WL 1134814 (C.D.OH) (3/27/2017) Rice J., Pp.3-4.

Accord, *United States v. Hanley*, 2018 WL 1145957 (E.D. KY) (3/1/2018) Bunning, J., P.9. ("As in *Gaver*, disclosure of the remaining components could compromise future investigations and allow others to develop countermeasures");

*United States v. Spicer*, 2018 WL 635889 (S.D. OH) (1/31/2018) Dlott, J., P.2;

*United States v. Stamper*, 2018 WL 1241575 (S.D. OH), 3/9/2018) Barrett, J. P.6 ("[E]ven if the Court were to conclude that the exploit code was material under Rule 16), the Court would find that the exploit code is protected by the law enforcement privilege). This Court agrees.

Accordingly, this Court denies Defendant's Motion for Discovery of the Government's NIT Source Code. (ECF #84)

SO ORDERED.

DATED: January 9, 2019         s/Paul D. Borman
                               Paul D. Borman
                               United States District Judge