UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                    Case No. 16-cr-20597
                                    District Judge Paul D. Borman

DEREK TAGG,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1) (ECF NO. 98, AUGUST 25, 2020)**

## BACKGROUND

On August 25, 2020, Defendant Derek Tagg filed a Motion for Compassionate Release. (ECF No. 98.) Defendant contends that because he is incarcerated at FCI-Elkton "one of the most dangerous federal facilities for COVID-19", and is obese, this makes him particularly susceptible to severe complications if he was to contract the COVID-19 virus--and that these conditions present extraordinary and compelling reasons for release under 18 U.S.C. § 3582(c)(1).

Defendant 's Motion notes that post-arrest he had complied with conditions of bond for almost four years, and that post-sentencing he was permitted to self-surrender. Defendant asserts that he had consistently attended counseling during

1

his pre-trial release and that two experts have opined that he is a low risk for recidivism. Defendant also asserts that he has shown rehabilitation, has strong family support, and is "willing to abide by whatever terms of supervision the Court sees fit, including home confinement with location monitoring." (ECF No. 98 at Page ID 2270.)

In June, 2019, Defendant received a below-Guideline sentence of five years' incarceration, the statutory mandatory minimum, as recommended by both the Government and Defendant. Defendant's Presentence Investigation Report noted that Tagg is 5'10" tall, and weighs 265 pounds--creating a BMI of 38--a CDC obesity diagnosis.

Defendant posits, and the Government concurs, that Defendant has satisfied the BOP exhaustion prerequisite to coming to Court contained in 18 U.S.C. § 3582, prior to filing this Motion.

Defendant contends that research confirms that individuals, less than 60 years old, with a BMI of over 35, are more than twice as likely to require acute medical care if affected by COVID-19 than those with a lower BMI.

With regard to the conditions at FCI-Elkton, Defendant cites the district court opinion in *Wilson v. Williams*, 2020 WL 1940882, finding significant failures in the BOP's response to COVID-19 at that facility. (ECF No. 98 at Page ID 2276.) However, this Court notes that the United States Court of Appeals for the Sixth

Circuit has overturned that decision in *Wilson v. Williams*, 961 F.3d 829, 833-34 (6th Cir. 2020), finding that the BOP has taken satisfactory steps to deal with COVID-19 at that facility.

Defendant contends that the 18 U.S.C. § 3553(a) factors support this request for release; no prior arrests, non-violent behavior, and being described by two experts as a "low risk" for recidivism. (*Id*. at Page ID 2281.) Defendant further contends that he "had a consistent work history before this case and while on supervision made significant progress in addressing his depression and psychological issues that led to this offense". (*Id*. at Page ID 2281.)

With regard to post-sentencing rehabilitative efforts, Tagg asserts that he has no BOP disciplinary history, has earned his GED at FCI-Elkton, and is now working there. Defendant contends that he also has a strong family support network if released.

Defendant states that he has never had any contact with a minor, or produced child pornography. (PSR, page 6, ¶ 13.)

The Government Response contends that although Defendant Tagg had tested positive for COVID-19 on June 1, 2020 while at FCI-Elkton, he recovered by June 12, 2020 and "did not suffer any complications from the virus. (Gov. Ex. A; Medical Records, p. 10 sealed)." (ECF No. 99 at Page ID 2298.)

The Government notes that Defendant Tagg was sentenced on June 13, 2019, entered FCI-Elkton on July 24, 2019, and has only served about 14 months of his 60-month sentence. (*Id.* at Page ID 2299.)

The Government notes that although Defendant's obesity qualifies as an extraordinary and compelling reason for release under § 1B1.13(1)(A) & cmt. n. 1(A), he has already contracted COVID-19 and recovered, and more importantly, his offense of conviction makes him a danger to the community under U.S.S.G. § 1B1.13(2); "his offense involved the possession and receipt of thousands of images of child pornography which presents a danger because individuals like Tagg who seek out child pornography create a market for the victimization of children". (*Id.* at Page ID 2299.) The Government notes that Defendant Tagg had amassed a collection of "over 21,000 images of child pornography; over 300 videos of child pornography; and thousands of images/videos of bestiality". (*Id.* at PageID 2300.) The Government also notes that Tagg is 33 years old, and his projected release date is October 23, 2023--more than two years from now. (*Id.* at PageID 2301.)

Defendant's Reply contends that "the government is not correct that a person is safe after recovering from COVID-19, because this is a 'novel virus and researchers cannot definitively conclude whether a person could contract it again'." (ECF No. 102 at PageID 2335.) Defendant further contends that he has a serious

risk factor--obesity--that would jeopardize his recovery were he to contract COVID-19. (*Id*. at PageID 2337.)

## DISCUSSION

A recent Sixth Circuit opinion, *United States v. Dane Schrank*, __ F.3d ___ (6th Cir. 2020), 2020 WL 5511980 (September 14, 2020), #19-5903 noted at page 4, citing its prior opinion in the instant case:

> It takes a conscious effort, which includes downloading special software (normally Tor routing software) and using a specific sixteen-digit web address that is often obtained from other users. *See United States v. Tagg*, 886 F.3d 579, 582-83 (6th Cir. 2018). This Court is well-aware of the sophisticated operations of the dark web…
>
> ….
>
> Congress understands that child pornography is a serious crime.
>
> ….
>
> Child pornography is an abhorrent offense that scars the children affected forever. And it doesn't take an economist to know that demand drives supply.
>
> ….
>
> Likewise, "general deterrence is crucial in the child pornography context". *Bistline*, 720 F.3d at 632.

(*Id*. at slip op. Page 3.)

This Court recognizes Defendant's obesity as an "extraordinary and compelling reason" in considering compassionate release. At the same time, this Court recognizes that it must consider Tagg's § 3553(a) factors prior to granting compassionate release. The Court also notes that Sentencing Guideline § 1B1.13 requires the Court to consider § 3553(a) factors in considering a petition for "reduction in term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)."

With regard to 18 U.S.C. § 3553(a) factors, the Court finds:

(1) That the nature and circumstances of Defendant Tagg's conviction indicate, as the Sixth Circuit noted in *Schrank*, dangerous criminal behavior. On the other hand, Tagg's lack of criminal history, and his conduct during his brief period at FCI-Elkton, would not raise concern for recidivist criminal behavior if released to the community after service of a significant portion of his sentence.

(2) There was a need in 2019 to impose the significant five-year mandatory minimum sentence to provide just punishment for this serious offense, to promote respect for the law, to deter similar conduct by others, and at this time, after only a brief incarceration, to protect the public from further crimes by Defendant.

The Court notes that a recent Sixth Circuit opinion, *United States v. Kinkaid*, 805 F. App'x 394, 395-396 (6th Cir. 2020) approves of a court's consideration of the percentage of time served in its required discussion of these § 3553(a) factors:

> District courts routinely weigh whether a certain amount of time served is "sufficient, but not greater than necessary" to serve § 3553(a)'s purposes. That's what happens at sentencing. A district court may use that same calculus when deciding whether to grant a motion for compassionate release.

It has only been 14 months since this Court imposed the five-year sentence, and the Court concludes that releasing Defendant to home confinement after this brief period of incarceration would not provide just punishment for this serious offense, would not promote respect for the law, nor would it provide significant deterrence to others considering the commission of a similar serious child pornography offense, and would not provide a significant enough term of imprisonment to deter Defendant from considering the commission of a similar child pornography offense if released at this time.

## CONCLUSION

The Court DENIES Defendant's Motion for Compassionate Release for this serious child pornography crime where Defendant has served but a minor period of incarceration, because to do so would not provide just punishment, would not promote respect for the law, would not deter similar conduct by others, and at this

time of brief incarceration, would not guarantee the public protection from possible future similar crimes by Defendant.

    SO ORDERED.

DATED: October 7, 2020                    s/Paul D. Borman
                                                PAUL D. BORMAN
                                                UNITED STATES DISTRICT JUDGE